﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190628-12161
DATE: May 29, 2020

ORDER

Entitlement to service connection for tinnitus is granted.

FINDING OF FACT

The Veteran’s tinnitus began during active service and has been ongoing ever since.

CONCLUSION OF LAW

The criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. § 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.04, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1979 to September 1982.

The Board of Veterans’ Appeals (Board) notes that the rating decision on appeal was issued in March 2019. In June 2019, the Veteran appealed the decision, choosing the direct review docket.

Entitlement to service connection for tinnitus

The Veteran contends that service connection is warranted for tinnitus because it began during service as a result of noise exposure and has been ongoing ever since.

Generally, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Establishing service connection generally requires (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word “Chronic.” When the disease identity is established (leprosy, tuberculosis, multiple sclerosis, etc.), there is no requirement of evidentiary showing of continuity. Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. 38 C.F.R. § 3.303(b). Service connection for a recognized chronic disease can also be established through continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (2013); 38 C.F.R. §§ 3.303(b), 3.309.

Under applicable criteria, VA shall consider all lay and medical evidence of record in a case with respect to benefits under laws administered by VA. In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

In this case, it is undisputed that the Veteran has tinnitus. A current disability has therefore been demonstrated. Additionally, the RO found that the evidence shows that a qualifying event, injury, or disease had occurred during the Veteran’s service. Specifically, the Veteran’s military occupational specialty (MOS) as military police had a high probability for hazardous noise exposure. Accordingly, an in-service injury has been shown.

As the record contains evidence of a current disability, and evidence of an in-service injury or disease, what remains to be established is whether there is a nexus between the diagnosed tinnitus and his in-service disease or injury.

In this case, the record includes a February 2019 examination report wherein the examiner opined that the Veteran’s tinnitus was less likely than not associated with his in-service noise exposure. The examiner specifically noted that there are many possible conditions associated with tinnitus and the Veteran is known to have had two strokes. Additionally, the examiner noted medical treatment records from 2014 that indicated a complaint of constant tinnitus since the Veteran’s stroke in November 2009. The Veteran has consistently stated that he has had tinnitus symptoms since his active service. It is unclear whether the examiner fully considered the Veteran’s competent lay statements of record regarding the onset and chronicity of his tinnitus symptoms. As a result, the Board cannot find this medical opinion to carry significant probative weight.

While the February 2019 examiner did provide a negative opinion concerning the contended causal relationship between tinnitus and active service, the Veteran has consistently and credibly stated that his tinnitus began in service due to acoustic trauma from engaging in work as military police without adequate hearing protection. Based on his reports, a continuity of symptomatology of chronic tinnitus has been established sufficient to satisfy the remaining element of service connection. Importantly, no medical reason has been offered to reject the Veteran’s credible lay reports concerning continuity of symptomatology.

In sum, the Veteran credibly contends that he incurred tinnitus during active service due to noise exposure from serving as military police without adequate hearing protection. Additionally, the Board has found that the only medical opinion of record, dated in February 2019, addressing the contended etiological relationship between tinnitus and active service is not probative.

Therefore, after resolving any reasonable doubt in favor of the Veteran, the Board finds that service connection for tinnitus is warranted. 38 U.S.C. § 5107 (b).

 

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board David M. Sebstead, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.